UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PAPER TIGERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 24-cv-2638 ) ) Judge April M. Perry |
| ARCH INSURANCE GROUP, INC., ALLIANT INSURANCE SERVICES, INC. and CRC INSURANCE SERVICES, LLC f/k/a CRC INSURANCE SERVICES, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This insurance dispute arises out of a fire at a facility operated by The Paper Tigers, Inc. ("Plaintiff") that destroyed nearly $1.2 million of paper rolls. After Plaintiff's insurance provider denied reimbursement on the grounds that the rolls were outside the scope of coverage, Plaintiff sued the insurance provider Arch Insurance Group, Inc. ("Arch") and its insurance broker. Plaintiff also sued Defendant CRC Insurance Services, LLC f/k/a CRC Insurance Services, Inc. ("CRC"), Arch's authorized agent, alleging that CRC negligently failed to provide Plaintiff with an insurance policy that provided appropriate coverage. CRC now moves to dismiss Plaintiff's negligence claim as inadequately pled. For the following reasons, the motion is denied.

**BACKGROUND**

According to the complaint, Plaintiff specializes in reworking paper to meet its customers' specifications. Doc. 45 ¶¶ 7, 10. As part of its business, Plaintiff stores paper products in its own facilities that it has reworked but not yet shipped to its customers. *Id.* ¶ 10. Although stored by Plaintiff, these products are the customers' property. *Id.* As such, it was

important to Plaintiff that any insurance policies covering damage at its facilities also covered loss or damage to stored customer products. *Id.* ¶¶ 57–58.

Between 2009 and 2016, Plaintiff retained a company called Mesirow to procure its insurance policies. *Id.* ¶¶ 52, 55. This relationship continued from 2016 through 2023 after Defendant Alliant Insurance Services, Inc. ("Alliant"), a commercial retail insurance brokerage firm, acquired Mesirow. *Id.* ¶¶ 51, 55. Plaintiff relied heavily on Alliant's and Mesirow's expertise to procure insurance policies sufficient for its business needs. *Id.* ¶¶ 52–54. To ensure adequate coverage, Plaintiff disclosed to Alliant that its business involved storing products at its facilities that were owned by Plaintiff's customers, not Plaintiff itself, and that such products needed to be covered by any insurance policy procured. *Id.* ¶¶ 56–58.

On August 21, 2023, a fire at one of Plaintiff's facilities in Pine Bluff, Arkansas (the "Pine Bluff Facility") destroyed paper rolls worth nearly $1.2 million. *Id.* ¶¶ 8–15. The destroyed rolls were owned by one of Plaintiff's customers. *Id.* ¶¶ 10–12, 57.

At the time of the fire, Plaintiff held an insurance policy (the "Policy") issued by Arch. *Id.* ¶¶ 16, 66. Alliant obtained the Policy through Arch's agent, CRC. *Id.* ¶ 80. Plaintiff believed its Policy covered customer inventory held at the Pine Bluff Facility based on the information it had shared with Alliant, which it believed was transmitted to CRC, regarding Plaintiff's coverage needs. *Id.* ¶¶ 82-84. This included Plaintiff's submission to Alliant of a "Statement of Values" that disclosed $1.5 million of inventory at the Pine Bluff Facility, which reflected the value of third-party inventory (albeit without explicitly stating this ownership detail). *Id.* ¶¶ 83-84; *see also* Doc. 45-3 at 2.

Following the fire at the Pine Bluff Facility, Plaintiff submitted a claim to Arch. Doc. 45 ¶ 20. Arch denied coverage, explaining that paper rolls not owned by Plaintiff were not covered under the Policy. *Id.* ¶ 21.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face" and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ANALYSIS

"To succeed in an action for negligence, a plaintiff must prove facts that establish the existence of a duty, a breach of the duty, and an injury to the plaintiff which was proximately caused by the breach." *Hills v. Bridgeview Little League Ass'n*, 745 N.E.2d 1166, 1178 (Ill. 2000). The only element challenged by CRC is whether Plaintiff has plausibly alleged that CRC owed Plaintiff a duty of care. Plaintiff responds that such a duty may be found in the Insurance Placement Liability Act ("IPLA"), an Illinois statute that imposes on "insurance producers" a duty to "exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured." 735 ILCS 5/2-2201(a). An agent of an insurer is

3

included in the definition of "insurance producer." *Skaperdas v. Country Cas. Ins. Co.*, 28 N.E.3d 747, 754 (Ill. 2015). Accordingly, once a proposed insured makes a "specific request" for coverage, an insurer's agent must exercise reasonable care to obtain the coverage requested or—if no such coverage is available—inform the proposed insured that they should look elsewhere. *Id*. at 756-57. If no specific request was made, no duty attaches. *See*, *e.g.*, *Melrose Park Sundries, Inc. v. Carlini*, 927 N.E.2d 132, 136 (Ill. App. Ct. 2010) (insurance producer owed no duty to procure worker's compensation insurance for client that only made general request for insurance and never inquired about worker's compensation coverage).

Taking Plaintiff's facts as true and drawing all reasonable inferences in its favor, Plaintiff has plausibly alleged that it made a specific request for coverage. Plaintiff alleges that it discussed with Alliant the nature of its business and emphasized its need for a policy that protected third-party inventory at its facilities. It also alleges submitting to Alliant a Statement of Values detailing the $1.5 million in inventory held at the Pine Bluff Facility, and that this statement was passed along to CRC with the context that this inventory was owned by Plaintiff's customer, not Plaintiff itself. These allegations of a specific request made by Plaintiff and transmitted to CRC make it plausible that CRC owed Plaintiff a duty to procure insurance covering losses to third-party inventory at Plaintiff's facilities.

Briefly, the Court addresses CRC's interwoven argument that insurance producers have no affirmative duty to investigate the veracity of application documents submitted to them. CRC notes that the Statement of Values submitted by Plaintiff did not expressly identify that some of the "inventory" listed was owned by third parties. CRC further contends it had no duty to investigate or double-check Plaintiff's definition of "inventory" but rather had only the duty to provide coverage for Plaintiff's own inventory, which it did.

4

The Court agrees with CRC that Illinois law recognizes no affirmative duty for insurance producers to investigate the accuracy of insurance applications. *See Off. Furnishings, Ltd. v. A.F. Crissie & Co., Ltd.*, 44 N.E.3d 562, 568-69 (Ill. App. Ct. 2015) (rejecting argument that insurance producers have duty to "verify the accuracy of the information on [an] insurance application"). But that is not how the Court understands Plaintiff's claim. Rather, Plaintiff argues that CRC owed a duty to provide coverage matching Plaintiff's specific request, which was allegedly transmitted from Alliant to CRC through mechanisms other than the Statement of Values alone. For purposes of surviving CRC's motion to dismiss, no more is required.

## CONCLUSION

For the foregoing reasons, CRC's motion is denied.

Dated: July 7, 2025

APRIL M. PERRY
United States District Judge

5